IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ERIC LAMONT FORD, #36091-177,  § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:09-CV-1169-G |
| § | | (3:06-CR-0300-G(01)) |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* motion to vacate, set aside, or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255.

Parties:  Petitioner is currently confined within the Federal Bureau of Prisons (BOP) at the FCI in Fort Worth, Texas. The court did not issue process in this case, pending preliminary review.

Statement of the Case:  Following his plea of not guilty, Petitioner proceeded to trial *pro se* with standby counsel and the jury returned a verdict of guilty on the three-count indictment – felon in possession of a firearm, possession with intent to distribute marijuana, and possession of a firearm during a drug trafficking crime. *United States v. Ford*, No. 3:06cr0300-G(01). The court sentenced Petitioner to a total term of imprisonment of 81 months – 21 months

concurrently on counts one and two, and a mandatory, consecutive term of 60 months on count three. *Id.* Petitioner appealed. The Fifth Circuit Court of Appeals dismissed the appeal because Petitioner raised arguments which he conceded were foreclosed by Fifth Circuit precedent. *See United States v. Ford*, No. 07-10938 (5th Cir. Aug. 6, 2008).

On June 22, 2009, Petitioner filed this timely § 2255 motion. In two grounds, he argues appellate counsel failed to raise sentencing claims on direct appeal in violation of his right to effective assistance of counsel.

Findings and Conclusions: Rule 4(b), of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."

A claim of ineffective assistance of counsel on appeal is governed by the test set out in *Strickland v. Washington,* 466 U.S. 668, 104 S. Ct. 2052 (1984), which requires the petitioner to establish both constitutionally deficient performance and actual prejudice. *See Smith v. Murray,* 477 U.S. 527, 535-36, 106 S. Ct. 2661 (1986) (applying *Strickland* to a claim of ineffective assistance of counsel on appeal). To establish that appellate counsel's performance was deficient in the context of an appeal, the defendant must show that his attorney was objectively unreasonable in failing to find arguable issues to appeal-that is, that counsel unreasonably failed to discover non-frivolous issues and raise them. *Smith v. Robbins,* 528 U.S. 259, 285, 120 S.Ct. 746 (2000). If the defendant succeeds in such a showing, then he must establish actual prejudice by demonstrating a "reasonable probability" that, but for his counsel's deficient performance, "he would have prevailed on his appeal." *Id.*

Petitioner cannot satisfy either prong of the *Strickland* test.  As set out more fully below, the grounds which counsel failed to raise on direct appeal were meritless.  As such, counsel was not required to raise them on appeal.  *United States v. Wilkes*, 20 F.3d 651, 653-654 (5th Cir. 1994) *(*quoting *Smith v. Puckett*, 907 F.2d 581, 585 n. 6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim.").

In his first ground, Petitioner challenges the third count of the indictment – possession of a firearm in furtherance of a drug trafficking crime – on the ground that it was not supported by a felony drug trafficking offense.  He claims that possession of only "14 ounces" of marijuana for "his own personal use" was a misdemeanor offense, hence he could never have committed a felony drug trafficking offense as required by 18 U.S.C. § 924(c).  (Pet's Brief in Support of § 2255 Mot. ("Pet's Brief") at 8-9).

Count 2 of the indictment charged Petitioner with felony possession with intent to distribute a detectable amount of marijuana in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(D). *See* Indictment at p. 2.  Punishment under the above provisions is limited to five years imprisonment for less than 50 Kilograms of marijuana, or no more than ten years imprisonment in the event of an individual with a prior conviction (such as the Petitioner in this case).

Penalties for simple possession of marijuana are found at 21 U.S.C. §§ 844 and 844a. Possession of a "personal use amount" of a controlled substance is subject to a maximum fine of $10,000, *see* § 844a(a), whereas possession of larger amounts is punishable by one year's imprisonment or less, *see* § 844(a).

Petitioner's assertion that he possessed only 14 ounces of marijuana is wholly unsupported.  The Presentence Report (PSR) held Petitioner accountable for 474.3 grams of

3

marijuana, which was either seized or purchased from his residence at 1403 South Ewing, Dallas, Texas. (PSR at ¶¶ 5-10). Clearly, possession with intent to distribute 474.3 grams of marijuana could not have been classified as a misdemeanor offense under 844(a) or 844a(a), *supra*. Therefore, Petitioner's first ground is patently frivolous.[1]

Petitioner's second ground fares no better. Contrary to his assertion, the court did not enhance Petitioner's sentence under USSG § 2K2.1(b)(6) (initially cited in error in the PSR as § 2K2.1(b)(5)). (*See* Pet's Brief at 11). The PSR explained that Petitioner's sentence could not be enhanced under § 2K2.1(b)(6) because Petitioner was already receiving a five-year mandatory consecutive sentence for the firearm possession count under § 924(c). *See* PSR ¶ 18, as amended in the Addendum; U.S.S.G. § 2K2.4, comt. n.4.

Nor did the court enhance Petitioner's sentence under USSG § 2D1.1(b)(1) (which permits a two-level increase "[i]f a dangerous weapon (including a firearm) was possessed"). (*See* Pet's Brief at 11). The Guidelines prohibit a § 924(c) conviction from being enhanced under section 2D1.1(b)(1) to prevent "double counting." *United States v. Molina,* 530 F.3d 326, 329 (5th Cir. 2008) (citing U.S.S.G. § 2K2.4 cmt. n. 4).

Petitioner's reliance on Amendment 599 is equally unavailing. (*See* Pet's Brief at 12). That Amendment became effective on November 1, 2000, long before Petitioner was charged and convicted in his criminal case. In any event, as noted above, Petitioner's sentence was not enhanced for the reasons set forth in the commentary to § 2K2.4. *See* PSR ¶ 18 and discussion *supra*.

---

[1] Petitioner correctly notes that 21 U.S.C. § 841(b)(1)(C) was inapplicable to him. (*See* Pet's Brief at 9). Since the PSR did not rely on that provision in calculating his sentence, any claim based on § 841(b)(1)(C) is meritless.

RECOMMENDATION:

For the foregoing reasons it is recommended that Petitioner's motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 be summarily DISMISSED. *See* Rule 4 of the Rules Governing § 2255 Cases.

Signed this 29th day of October, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.